

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2008

# USA v. Wyche

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5114

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wyche" (2008). *2008 Decisions.* Paper 1378.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1378

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-5114

UNITED STATES OF AMERICA

v.

THEODORE W. WYCHE, JR.
                              Appellant

_____


Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 06-cr-00126-1)
District Judge Sylvia H. Rambo

_____


Submitted under Third Circuit LAR 34.1 (a)
February 7, 2008

Before: MCKEE and AMBRO, Circuit Judges
and TUCKER, District Judge[1]*

(Opinion filed:  March 27, 2008)
_____

OPINION
_____



TUCKER, District Judge

_____

    * Honorable Petrese B. Tucker, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Theodore W. Wyche, Jr. appeals the guideline sentence of 87 months' incarceration imposed by United States District Judge Sylvia H. Rambo ("the District Court"). The issue before this Court is the District Court's interpretation and application of United States v. Gunter, 462 F.3d 237 (3d Cir. 2006), relating to the 100:1 crack/powder cocaine ratio. For the reasons set forth below, we affirm.

I.

The pertinent facts are as follows. Over a two-week period, between January and February 2006, Wyche negotiated and sold 95 grams of crack cocaine to federal investigators in a total of four controlled transactions. On April 5, 2006, Wyche, his older sister, and her boyfriend were charged with conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841, 846.

The Presentence Report ("PSR") determined that Wyche's base offense level was 32. The report added a two-point enhancement for Wyche's leadership role, pursuant to U.S.S.G. § 3B1.1 (c), and three points were subtracted for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). The total offense level was set at 31 with a Criminal History Category of I; thus setting the Sentencing Guidelines range at 108 to 135 months.

Both Wyche and the government filed objections to the PSR. The parties reached an agreement whereby the government would not present evidence in support of the leadership enhancement (a two-level enhancement) and Wyche would not seek a safety valve downward departure (a two-level reduction) pursuant U.S.S.G. § 5C1.2(a)(5). The District Court consequently omitted the two-point leadership enhancement. The adjusted level was 29, and with a Criminal History Category of I the Guideline range was 87-108 months.

During the sentencing hearing, in addition to revealing the parties' agreement, Wyche

argued that a sentence outside the Guidelines range would be appropriate in light of <u>Gunter</u>, which addressed the 100:1 crack to powder ratio. 462 F. 3d 237. The District Court sentenced Wyche to 87 months' incarceration, explaining that its sentence was at the low end of the Guideline range for the following reasons:

> 1) Within the a two-week period, investigators bought approximately 95 grams of crack cocaine from Wyche during four controlled buys;
>
> 2) Wyche has a criminal history not reflected in his criminal history category, including a criminal adjudication for delivery of cocaine and possession with intent to deliver cocaine and five driving under suspension convictions;
>
> 3) Failure to consider that Wyche's criminal history would effectively treat him the same as a similarly situated defendant with no prior contact with the law;
>
> 4) Wyche's prior criminal history raises the likelihood of recidivism;
>
> 5) Wyche had a somewhat difficult childhood;
>
> 6) Wyche benefitted greatly by the plea agreement; and
>
> 7) The Court considered "the ratio between crack and powder cocaine as a basis for sentencing at the low end of the guideline range."

On appeal, Wyche argues that his sentence should be vacated and remanded for resentencing. In sum, Wyche argues that his sentence does not meet the reasonableness standards required by <u>United States v. Booker</u>, 543 U.S. 220, 226-62 (2005). While Wyche concedes that the sentence is at the low end of the applicable guideline range, he contends that where the sentence incorporates the crack cocaine Guideline, it is unreasonable. According to Wyche, the Court's decision in <u>Gunter</u> and reports prepared by the United States Sentencing Commission explain that the 100:1 crack/powder cocaine ratio fails to meet sentencing objectives of 18 U.S.C § 3553(a). Wyche contends the record does not clearly indicate that the District Court understood and reasonably discharged its obligation to consider all relevant section

3553(a) factors in imposing its sentence.

Applying a deferential standard, this Court will review the sentence by the District Court for reasonableness pursuant to 28 U.S.C. § 3742(a)(1). United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006).

The District Court properly applied the three-step process set forth by this Court in Gunter and properly exercised its sentencing discretion. 462 F. 3d 237. In Gunter, this Court explained two types of Booker errors: 1) reliance upon judge-found facts, other than prior convictions to enhance the defendant's sentence beyond the statutory minimum, commonly referred to as "constitutional error"; and 2) application of the Guidelines mandatorily, commonly referred to as "non-constitutional error." Gunter, 462 F. 3d at 247. In the interests of avoiding these errors, this Court instructed district courts to follow a three-step sentencing process:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, district courts must "formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre-Booker case law which continues to have advisory force."
>
> (3) Finally, district courts are required to "exercise[] [their] discretion by considering the relevant [§ 3553(a)] factors" in setting a sentence regardless whether it varies from the sentence calculated under the Guidelines.
>
> Id. at 247 (citations omitted).

"Post-Booker, a sentencing court errs when it believes that it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines—but not demanded by 21 U.S.C. § 841(b)—as simply advisory at step three of the post-Booker sentencing process (imposing the actual sentence after considering the relevant § 3553(a) factors). . . . ." Id. at 249. Here, no such error occurred.

The District Court specifically stated its consideration of the disparity between crack and powder as a basis for sentencing on the low end of the Guidelines. However, it is under "no obligation to impose a sentence below the Guidelines solely on the basis of the crack/powder cocaine differential." Id. Further, contrary to Wyche's suggestion, the District Court is not required to "categorically reject" the 100:1 ratio.

The record reflects that the District Court considered all relevant § 3553(a) factors. Accordingly, we affirm.

_____